OPINION
{¶ 1} Respondent Doug Snell appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, which entered a civil protection order restraining him from abusing or threatening to abuse his wife, petitioner Diane Snell. The court ordered appellant to stay at least 500 feet away from her, and to not enter any premises where she may be. The court permitted appellee to give written permission to appellant to be present at the residence for purposes of taking care of the family farm. The court entered a no-contact order, except that appellant may contact appellee via a third party regarding matters related to the children or the farm. The court allocated the parental rights and responsibilities for the parties' 8 children to appellee for a period of 6 months, and finding appellee could seek a permanent order by filing a divorce or legal separation action. The court also found appellant may file a divorce or legal separation action, and therein seek a specific parenting time schedule. The civil protection order also provided appellant could not possess, use, carry, or obtain any deadly weapon, and authorized any law enforcement agency to take possession of any deadly weapons from him to hold in protective custody.
 {¶ 2} Appellant appears pro se and assigns 49 errors to the trial court:
 {¶ 3} "I. THE COURT ERRORED [SIC] WHEN IT FOUND THE PETITIONER CREDITABLE CONCERNING THE 1996 ALLEDGED INCIDENT WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 4} "II. THE COURT ERRORED IN GRANTING IN GRANTING A CIVIL PROTECTION ORDER BASED ON NOTHING ALLEGED OR CONTAINED IN THE INITIAL EX PARTE HEARING ORDER OR THE PETITIONERS INITIAL PETITION OR AFFIDAVIT. THE RESPONDENT WAS DENTED HIS RIGHTS OR DUE PROCESS AND THE COURT ACTED CONTRARY TO LAW.
 {¶ 5} "III. THE COURT ERRORED WHEN IT ISSUED A PROTECTION ORDER BASED A FINDING OF FACT THAT IS NOT CONTAINED IN THE ORIGINAL PETITION OR AFFIDAVIT FOR THE PROTECTION ORDER AND MADE FINDINGS BASED ON THE RESPONDENT'S PAST CONDUCT, PRESENT DEMEANOR AND DEMANDING TREATMENT AS CONSTITUTING CAUSE FOR AN ORDER WHICH IS CONTRARY TO OHIO LAW AND THE STATUTE.
 {¶ 6} "IV. THE COURT ERRORED WHEN IT DID NOT ALLOW A FULL HEARING IN FRONT OF A JUDGE, DID NOT GET A WAIVER FROM THE RESPONDENT, AND STATED IN IT SUMMONS THAT THE HEARING WOULD BE CONDUCTED IN FRONT OF A JUDGE, WHICH IS CONTRARY TO OHIO LAW.
 {¶ 7} "V. THE COURT ERRORED AGAINST THE WEIGHT OF THE EVIDENCE IN ITS FINDING OF FACT WHERE IT FOUND THE PETITIONER CREDITABLE OR BELIEVABLE, OR BASED ITS DECISIONS ON A MERE LOOK AT HIM, WHICH IS CONTRARY TO THE STATUTE OR OHIO LAW.
 {¶ 8} "VI. THE ERRORED [SIC] IN ITS FINDING OF FACT RELATING PAST CONDUCT THAT IS NOT DOMESTIC VIOLENCE TO CONSTITUTE JUSTIFICATION FOR A CPO UNDER RC SECTION 3113.31 WHICH IS CONTRARY TO THE STATUTE OR OHIO LAW.
 {¶ 9} "VII. THE COURT ERRORED IN ITS FINDING OF FACT WHERE IT FINDS A REASONABLE BASIS FOR FEAR TO CONSTITUTE REASON FOR A PROTECTION ORDER WHICH CONTRARY TO THE STATUTE OR OHIO LAW.
 {¶ 10} "VIII. THE COURT MADE A PLAIN ERROR, WHEN IT ORDERED A CPO WHICH WAS NOT TEMPORARY, AT THE EX PARTE HEARING WHICH WAS CONTRARY TO THE LAW.
 {¶ 11} "IX. THE COURT ERRORED IN IT [SIC] FINDING OF FACT THAT THE PETITIONER WAS THE PRIMARY CARETAKER WHICH WAS AGAINST THE WEIGHT OF THE EVIDENCE, OR BIAS AND PREJUDICIAL AGAINST THE RESPONDENT, CAUSING INCORRECT FINDINGS AND PREFERENTIAL ORDERS FOR THE PETITIONER.
 {¶ 12} "X. THE COURT ERRORED AS AN ABUSE OF DESCRETION [SIC] WHEN IT ORDERED NUMBER 11 OF THE CPO, CONCERNING FIREARMS, ON THE FULL HEARING ORDER WHICH WAS NOT ORDERED ON THE EX PARTE HEARING. THERE WAS NO TESTOMNY [SIC] OR INFORMATION CONCERNING FIREARMS OR THE RESPONDENT HAVING FIREARMS PRESENT AT THE HEARING. THE COURT'S ORDER FURTHER DEPICTS ITS PREJUDICE, BIAS AND ABUSE OF DISCRETION.
 {¶ 13} "XI. THE COURT ERRORED BY ABUSE OF ITS DISCRETION OR IN ISSUING A FAIR AND EQUITABLE ORDER IN THAT IT ORDERED THE PARENTING AND CUSTODIAL RIGHTS BE ALLOCATED TO THE PETITIONER, CONTRARY TO THE STATUTE.
 {¶ 14} "XII. THE COURT ERRORED IN ISSUING ORDERS CONTRARY TO STATUTE IN BEING FAIR AND EQUITABLE OR BEING PREJUDICIAL AND BIAS, IN THAT ITS ORDER CONCERNING PARENTING RIGHTS AND RESPONSIBILITIES FAVORED THE PETITIONER AND EXCLUDED THE RESPONDENT WHICH VIOLATES THE RESPONDENT'S RIGHTS AS A PARENT.
 {¶ 15} "XIII. THE COURT HAD A PLAIN ERRORED [SIC], OR PREJUDICIAL AND BIAS, IN ITS 12-22-5 ORDER THAT DISALLOWED THE RESPONDENT CONTACT WITH THE CHILDREN CAUSING DAMAGE TO THE CHILDREN AND THE RESPONDENT.
 {¶ 16} "XIV. THE COURT ERRORED AGAINST THE EVIDENCE AND CONTRARY TO THE STATUTE IN ISSUING AN ORDER THAT IS NOT FAIR OR EQUITABLE IN BRINGING ABOUT CESSATION OR PREVENTION OF DOMESTIC VIOLENCE WHICH IS CONTRARY TO LAW.
 {¶ 17} "XV. THE COURT MADE A PLAIN ERROR IN NOT ALLOWING THE FULL HEARING IN FRONT OF THE JUDGE, OR LETTING THE RESPONDENT COMPLETE HIS CASE PRESENTATION, DENYING THE RESPONDENT DUE PROCESS OR OTHER RIGHTS ACCORDING TO LAW.
 {¶ 18} "XVI. THE COURT ERRORED IN DENYING THE RESPONDENT HIS RIGHTS ACCORDING TO STATUTE AND DUE PROCESSES OF LAW IN NOT CONDUCTING THE FULL HEARING WITHIN SEVEN DAYS OF THE EX PARTE ISSUED CPO.
 {¶ 19} "XVII. THE COURT MADE A PLAIN ERROR IN GRANTING AN ORDER FROM THE EX PARTE HEARING OR THE FULL HEARING WITHOUT HAVING THE MANDATORY JURISDICTIONAL FILING REQUIREMENT WHICH IS CONTRARY TO THE STATUTE, OHIO LAW AND DUE PROCESS.
 {¶ 20} "XVIII. THE COURT ERRORED IN ITS ABUSE OF DISCRETION, OR AS BEING PREJUDICIAL AND BIAS, IN THAT IT EXTENDED THE TIME OF THE ORDER WITHOUT REQUEST OF THE PETITIONER BEYOND ITS ORIGINAL ORDER.
 {¶ 21} "XVVIIII. THE COURT ERRORED BY ABUSE OF DISCRETION, PREJUDICE AND BIAS, OF IN BEING FAIR AND EQUITABLE, IN THAT IT DOES NOT ALLOW THE RESPONDENT ANY RIGHTS TO USE HIS FARM OR TO PRODUCE INCOME THEREFROM.
 {¶ 22} "XX. THE COURT ERRORED AND ABUSED ITS DISCRETION AS BEING PREJUDICIAL AND BIASED AGAINST THE RESPONDENT IN ITS DECISIONS IN THAT IT ESSENTIALLY TOOK THE POSITION THAT THE PETITIONER WAS ITS CLIENT WHICH IS CONTRARY TO LAW AND THE CONSTITUTION.
 {¶ 23} "XXI. THE COURT ERRORED IN NOT ALLOWING THE RESPONDENT DUE PROCESS IN THAT THE COURT NEVER ADDRESSED SEVERAL OF THE REPONDENT'S MOTIONS AND NEVER RULED ON THE MOTIONS WHICH IS CONTRARY TO LAW AND JUDICIAL CONDUCT.
 {¶ 24} "XXII. THE COURT ERRORED IN NOT ALLOWING THE RESPONDENT DUE PROCESS, OR AS BEING PREJUDICAL AND BIAS AGAINST HIM, IN THAT THE COURT DID NOT ADDRESS THE MATTER OF A PRENUPTIAL AGREEMENT BETWEEN THE PARTIES AND TAILORING THE CPO TO ADHERE TO THE AGREEMENT, WHICH VIOLATED THE RESPONDENT'S RIGHTS ACCORDING TO THAT AGREEMENT WHICH IS CONTRARY TO LAW.
 {¶ 25} "XXII. THE COURT ERRORED IN ITS CONCLUSION OF LAW WHERE IT COULD NOT FIND THE PETITIONER IN DANGER OF DOMESTIC VIOLENCE WHICH IS IN CONTRADICTION WITH THE STATUTE OR OHIO LAW THUS VIOLATING THE RESPONDENT'S RIGHTS, AND DUE PROCESS.
 {¶ 26} "XXIV. THE COURT ERRORED IN DENYING DUE PROCESS, ABUSED ITS DISCRETION, AS BEING BIAS OR PREJUDICIAL, AGAINST THE WEIGHT OF THE EVIDENCE, OR ACTING CONTRARY TO LAW, IN THAT IN ITS CONCLUSION OF LAW IT STATES "NOTWITHSTANDING RESPONDENT'S ARGUMENT".
 {¶ 27} "XXV. THE COURT ERRORED IN IS [SIC] CONCLUSION OF LAW WHERE THE COURT CONCLUDES THAT THE REASONABLENESS OF FEAR FELT BY THE PETITIONER SHOULD BE DETERMINED WITH REFERENCE TO THE HISTORY WITH THE RESPONDENT, WHICH IS CONTRARY TO THE STATUTE, OHIO LAW AND DUE PROCESSES OF LAW.
 {¶ 28} "XXVI. THE COURT ERRORED IN ITS CONCLUSION OF LAW, WHICH IS CONTRARY TO THE APPEALS COURT'S FINDINGS IN HOFF, REGARDING PRIOR ALLEGED INCIDENTS OF DOMESTIC VIOLENCE, WHICH IS CONTRARY TO STATUTE OR OHIO LAW, PREJUDICE AND BIAS, CONTRARY TO CASE PRECEDENCE OR VIOLATES DUE PROCESS.
 {¶ 29} "XXVII. THE COURT ERRORED IN SHOWING JUDICIAL PREJUDICE OR BIAS OR ABUSE OF DISCRETION AND VIOLATING THE DUE PROCESS RIGHTS OF THE RESPONDENT, WHEN IT CONCLUDED THE CHILDREN AS PROTECTED PERSONS ON THE EX PARTE HEARING ORDER AND FURTHER ERRORS BY ISSUING INEQUITABLE ORDERS CONCERNING THE PARENTING RIGHTS AND PROPERTY RIGHTS OF THE RESPONDENT.
 {¶ 30} "XXVIII. THE COURT ERRORED IN VIOLATION OF THE RESPONDENT'S RIGHTS TO DUE PROCESS, AND CONTRARY TO OHIO LAW AND THE STATUTE, BY NOT ALLOWING A FULL HEARING.
 {¶ 31} "XXVIX. THE COURT ERRORED IN THAT THE ORDER INCLUDES ORDERS THAT ARE UNCONSTITUTIONAL AND IN VIOLATION OF THE RESPONDENT'S CONSTITUTIONAL RIGHTS IN VIOLATION OF HIS RIGHTS OF FREE SPEECH, FREEDOM OF ASSOCIATION, DUE PROCESS AND OTHER CONSTITUTIONAL GUARANTEED FREEDOMS.
 {¶ 32} "XXX. THE COURT ERRORED IN THAT IT ISSUED AN ORDER THAT VIOLATES THE RESPONDENT'S CONSTITUTIONAL RIGHTS TO USE HIS PROPERTY OR POSSESSION OF HIS PROPERTY WITHOUT DUE PROCESS OF LAW OR CAUSE.
 {¶ 33} "XXXI. THE COURT ERRORED IN THAT IT ISSUED AN ORDER FROM A STATUTE OR LAW THAT IS UNCONSTITUTIONAL AND VIOLATES THE CONSTITUTION AND CONSTITUTIONAL RIGHTS OF THE INDIVIDUAL.
 {¶ 34} "XXXII. THE COURT ERRORED IN THAT IT ISSUED AN CPO ORDER FROM A STATUTE THAT IS IN PART, ON N WHOLE, UNCONSTITUTIONAL, CONTRARY TO LAW OR VIOLATES DUE PROCESS OF LAW IN THAT IT ALLOWS THE COURT TO ISSUE ORDERS FROM AN EX PARTE HEARING IN A CIVIL MATTER.
 {¶ 35} "XXXIII. THE COURT ERRORED IN THAT IT ISSUED AN ORDER FROM A STATUTUE THAT IN UNCONSTITUTIONAL IN THAT THE STATUTE CREATED A TOOL THAT ALLOWS FOR THE PETITIONERS, COURTS AND OTHERS TO ABUSE AND VIOLATE THE RIGHTS OF OTHERS.
 {¶ 36} "XXXIV. THE COURT ERRORED IN IT CONCLUSION OF LAW WHICH IS CONTRARY TO OHIO LAW AND CASE PRECEDENCE, IN THAT IT FOUND AGAINST THE WEIGHT OF THE EVIDENCE THAT THE PETITIONER ARE IN DANGER OF DOMESTIC VIOLENCE.
 {¶ 37} "XXXV. THE COURT ERRORED IN IT [SIC} FINDING OF FACT WHICH IS CONTRARY TO OHIO LAW OR CASE PRECEDENCE OR THE WEIGHT OF THE EVIDENCE IN ITS FINDING ACTIONS OF THE RESPONDENT JUSTIFY THE COURT'S FINDING.
 {¶ 38} "XXXVI. THE COURT ERRORED IN ISSUING AN ORDER THAT WAS NOT TEMPORARY FROM THE EX PARTE HEARING WHICH IS CONTRARY TO THE STATUTE AND TO THE LAW, THUS VIOLATING THE RESPONDENT'S RIGHTS.
 {¶ 39} "XXXVII. THE COURT ERRORED IN THAT IT ABUSED ITS DISCRETION OR VIOLATED THE RIGHTS OF THE RESPONDENT OR IN THAT IT ISSUED A CPO WITH ORDERS BEYOND THE SCOPE OF THE STATUTE.
 {¶ 40} "XXXVIII. THE COURT ERRORED IN ISSUING A CPO FROM A STATUTE THAT IS UNCONSTITUTIONAL AND CONTRARY TO LAW WHICH VIOLATES THE RESPONDENT'S CONSTITUTIONAL RIGHTS.
 {¶ 41} "XXXIX. THE COURT ERRORED IN ITS FINDING THAT THERE EXISTED A FEAR OF IMMINANT [SIC] HARM WHICH IS CONTRARY TO THE EVIDENCE, TESTIMONY OR ANY ALLEGATIONS.
 {¶ 42} "XL. THE COURT ERRORED IN ITS CONCLUSION OF LAW WHERE THE COURT STATES "NO WITHSTANDING THE RESPONDENT'S ARGUMENT" WHICH IN EFFECT DENIES THE RESPONDENT DUE PROCESS OF LAW AND HIS CONSTITUTIONAL RIGHTS.
 {¶ 43} "XLI. THE COURT ERRORED IN ITS FINDING OF FACT AND CONCLUSION OF LAW AND AGAINST THE WEIGHT OF THE EVIDENCE OR ACCORDANCE WITH THE STATUTE AN) OTHER LAW, THAT THE COURT FINDS A SOLE ALLEGED AND CONTROVERTED INCIDENT OF DOMESTIC VIOLENCE FROM 1996 JUSTIFIES A CPO.
 {¶ 44} "XLII. THE COURT ERRORED IN IT'S FINDING OF FACT OR CONCLUSION OF LAW AGAINST THE EVIDENCE AND TESTIMONY THAT THERE EXISTED A IMMINENT THREAT OF PHYSICAL HARM OR DOMESTIC VIOLENCE.
 {¶ 45} "XLIII. THE COURT PLAINLY ERRORED IN GRANTING A CPO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE FOR A CONTROVERTED 1996 INCIDENT WHICH IS CONTRARY TO CASE PRECEDENCE AND THE STATUTE'S REQUIREMENTS.
 {¶ 46} "XLIV. THE COURT PLAINLY ERRORED IN GRANTING A CPO AGAINST THE WEIGHT OF THE EVIDENCE OR WITHOUT JUST CAUSE FOR A 1996 CONTROVERTED ALLEGATION IN VIOLATION OF THE LAW AND THE STATUTE OR CASE PRECEEDENCE.
 {¶ 47} "XLV. THE COURT ERRORED IN APPYLING THE WRONG STANDARD OF PROOF TO THE TESTIMONY AND EVIDENCE IN ITS FINDING AND CONCLUSIONS IN VIOLATION OF CASE PRECEDENCE AND OHIO LAW AND THE CONSTITUTION.
 {¶ 48} "XLVI. THE COURT ERRORED AND IT ABUSED ITS DISCRETION WHEN IT ISSUED A CPO WITH ORDERS THAT EXCEEDED WHAT IS ALLOWED BY THE STATUTE CONCERNING PARENTING RIGHTS.
 {¶ 49} "XLVII. THE COURT ERRORED PLAN ERROR OR/AND ABUSED ITS DISCRETION WHEN IT IS SUED A CPO WITH ORDERS THAT EXCEEDED WHAT IS ALLOWED BY THE STATUTE CONCERNING STAYING AWAY FROM THE PETITIONER.
 {¶ 50} "XLVIII. THE COURT ERRORED AND ABUSED IT'S DISCRETION AND VIOLATED THE RESPONDENTS RIGHTS BY ISSUING A CPO THAT CONTAINS ORDERS THAT EXCEED WHAT THE STATUTE ALLOWS CONCERNING EQUITABLE AND FAIR USE OF PROPERTY.
 {¶ 51} "XLIX. THE COURT ERRORED WHEN IT ABUSED ITS DISCRETION BY ISSUING A CPO WITH QRDERS BEYOND WHAT THE STATUTE ALLOWS BY RESTRICTING THE COMMUNICATION OF THE RESPONDENT.
 {¶ 52} Appellant's arguments may be broken down into four categories, although some assignments of error overlap. Appellant makes constitutional challenges to the statute and the court's procedures pursuant to the statutes; appellant makes manifest weight arguments regarding the court's findings of fact; and appellant argues the court made numerous errors of law and abused its discretion in construing and applying the statute.
 Constitutionality {¶ 53} Assignments of error 2, 15, 16, 17, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 38, 40, and 48th directly address constitutional issues, although many others contain overtones of due process issues.
 {¶ 54} The civil protection statute has survived numerous constitutional challenges. A legislative enactment withstands a challenge on substantive due process grounds if it bears a real and substantial relationship to public health, safety, morals, or the general welfare of the public, and if it is not unreasonable or arbitrary, see, e.g., Mayer v. Bristow (2000),91 Ohio St. 3d 3. This court has specifically held R.C. 2903.214 is constitutional on that basis, Mottice v. Kirkpatrick, Stark App. No. 2001-CA0-0103, 2001-Ohio-7042.
 {¶ 55} We find the statute does not violate appellant's constitutional rights to due process, free speech, or association. Nor does it violate his fundamental right to parent his children, or his right to bear arms.
 Errors of Law {¶ 56} Appellant's 3, 6, 7, 8, 10, 11, 12, 14, 17, 18, 23, 24, 26, 27, 34, 35, 36, 37, 45, and 49th assignments of error assert the court acted contrary to law or outside the provision of the statute. We have reviewed the record, and we find the court complied with the procedural and substantive provisions of the statute. The court also complied with the Civil Rules.
 {¶ 57} R.C. 2903.214 requires a motion for civil protection order be predicated on a violation of R.C. 2903.211. The statute specifically refers to a pattern of conduct, defined as two or more actions or incidents closely related in time. Thus, the court must consider the history of the parties in determining whether the circumstances require the issuance of the order.
 {¶ 58} Pursuant to the statute, a court may enter a protection order after an ex parte hearing, as long as it promptly conducts a full hearing on the matter. This matter was referred to a magistrate, as permitted by Civ. R. 53, regardless of whether the parties have consented to the order of reference, if the matter is not one to which the right to jury trial attaches. The record indicates appellant was afforded the opportunity to present his objections to the magistrate's decision and the court conducted its review in compliance with the Rules and Ohio law.
 {¶ 59} We find the trial court's judgment is not contrary to Ohio law.
 Manifest weight of the evidence {¶ 60} Appellant's assignments of error 1, 5, 9, 13, 14, 19, 24, 25, 35, 39, 41, 42, 43, and 44th all challenge the trial court's findings of fact as being against the manifest weight of the evidence. Our standard of review in examining a civil protection order is limited. We must apply a preponderance of the evidence standard, see, e.g., Mann v. Sumser, Stark App. No. 2001-CA-00350, 2002-Ohio-5103, at paragraph 23, citations deleted. The Supreme Court has held the finder of fact must determine which witnesses and testimony are more credible, and this court may not substitute its judgment for that of the finder of fact. The finder of fact is free to believe all, part, or none of the testimony of any one witness, Id.
 {¶ 61} A judgment supported by competent and credible evidence going to all the elements of the case may not be reversed by a reviewing court as against the manifest weight of the evidence, C.E. Morris v. Foley Construction (1978),54 Ohio St. 2d 279.
 {¶ 62} The record is clear appellant vehemently denied appellee's allegations. However, the trial court's findings of fact are supported by sufficient, competent and credible evidence, and accordingly, this court must find the trial court's decision is not against the manifest weight of the evidence.
 Abuse of discretion {¶ 63} Finally, appellant urges the trial court abused its discretion in fashioning the civil protection order. The Supreme Court has held particularly in the domestic relations realm, a trial court must have discretion to determine what is equitable upon the facts and circumstances of each case, and this court cannot reverse a court's determination unless it has abused its discretion. The Supreme Court has repeatedly defined the term "abuse of discretion" as implying the court's attitude is unreasonable, arbitrary, or unconscionable. On this record, we cannot find the court abused its discretion.
 {¶ 64} For the reasons stated supra, each of appellant's assignments of error is overruled, and the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed.
Gwin, P.J., Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Richland County, Ohio, is affirmed. Costs to appellant.