[Cite as *Snell v. Snell*, 2012-Ohio-2159.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DIANE SNELL

     Petitioner-Appellee

-vs-

DOUGLAS D. SNELL

     Respondent-Appellant

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Julie A. Edwards, J.

Case No. 11 CA 64

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, Case No. 2009 CPO 1371 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 14, 2012 |


APPEARANCES:

For Petitioner-Appellee

For Respondent-Appellant

DOUGLAS D. SNELL
7340 Garber Road
Bellville, Ohio 44813

*Wise, J.*

{¶1}    Appellant Douglas D. Snell appeals the decision of the Richland County Court of Common Pleas, Domestic Relations Division, which denied his motion to terminate a domestic violence civil protection order ("DVCPO"). Appellee Diane L. Snell is appellant's spouse. The relevant facts leading to this appeal are as follows.

{¶2}    Appellant and appellee are married, but living separate and apart. Four of their children are currently minors. In 2005, appellee obtained a civil protection order against appellant, which this Court subsequently affirmed. See *Snell v. Snell*, Richland App.No. 2006-CA-16, 2006-Ohio-2899 ("*Snell I*").

{¶3}    On October 7, 2009, appellee filed a subsequent petition for a domestic violence civil protection order. The trial court issued an ex parte civil protection order on the same day.

{¶4}    On October 23, 2009, the court conducted a full hearing, and entered a domestic violence civil protection order effective until October 7, 2014. The order directed appellant, inter alia, to not abuse appellee by harming, attempting to harm, threatening, following, stalking, harassing, forcing sexual relations upon, or committing sexually oriented offenses against her. The civil protection order also made appellee legal custodian and residential parent of the parties' four minor children, and granted appellant parenting time in accordance with the court's local rules.

{¶5}    Appellant directly appealed the 2009 CPO to this Court. On May 14, 2010, we affirmed the trial court's decision. See *Snell v. Snell*, Richland App.No. 09-CA-134, 2010-Ohio-2245.  (*"Snell II"*).

**{¶6}** On February 28, 2011, appellant filed a pro se motion to dismiss or terminate the CPO. The matter proceeded to a hearing before a magistrate on May 24, 2011. Rather than issue a separate judgment entry, the magistrate effectively denied the motion to terminate by issuing a new CPO, using a standard "Form 10.01-I" order, maintaining the termination date of 2014. The new CPO, with parenting orders, was signed by the judge and filed on June 6, 2011.

**{¶7}** On June 20, 2011, appellant filed an objection to and/or motion to reconsider the magistrate's decision. The record does not indicate that any additional orders or judgment entries were issued by the trial court.

**{¶8}** Appellant filed a notice of appeal on July 1, 2011. He herein raises the following eighteen Assignments of Error:

**{¶9}** "I. THE COURT COMMITTED A PLAIN ERROR, OR DUE PROCESS VIOLATION OF LAW, IN ALLOWING, ADMITTING INTO THE RECORD OR CONSIDERING ANY REFERENCE OR EVIDENCE ETC CONTAINED IN OR CONCERNING A 'NO CONTEST' PLEAD CASE OF THE RESPONDENT.

**{¶10}** "II. THE COURT ERRED AS A MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING ANY EVIDENCE CONSIDERED OR ALLOWED CONCERNING ANYTHING BUT DOMESTIC VIOLENCE AND DUE PROCESS RIGHTS OF THE RESPONDENT.

**{¶11}** "III. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING DUE PROCESS AND SUBSTANTIAL RIGHTS REGARDING THE COURT DISALLOWING THE RESPONDENT TO PRESENT EVIDENCE OF NO

DV EVEN AFTER THE RESPONDENT LEARNED OF INAPPROPRIATE ACTIONS OF THE PETITIONER.

{¶12} "IV. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE COURT CONCLUSIONS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, DUE PROCESS. THE COURT LIMITED THE RESPONDENT TO TESTIMONY, EVIDENCE AND HIS ARGUMENT TO INFORMATION REGARDING 'DV ONLY', THUS SHOULD ITS DECISION BASED ON (SIC).

{¶13} "V. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING DUE PROCESS, FAIR HEARING OR OTHER RIGHTS, BY REQUIRING THE RESPONDENT TO REMOVE HIS GLASSES (EVEN THOUGH THE BAILIFF WAS INFORMED THE RESPONDENT HAS A PRESCRIPTION FOR THEM) AND NOT BEING ALLOWED TO WEAR THEM IN THE COURTROOM. THE RESPONDENT HAS MEDICAL PURPOSE WITH DOCTOR'S ORDERS TO WEAR GLASSES (SEE ATTACHED PRESCRIPTION), YET THE COURT'S BAILIFF REQUIRED THE RESPONDENT REMOVE HIS GLASSES PRIOR TO ENTERING THE COURTROOM.

{¶14} "VI. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE INAPPROPRIATE CONDUCT OF THE COURT IN ALLOWING ACCESS TO THE COURT BY THE PETITIONER'S COUNCIL (SIC) THAT IS NOT RECIPROCATED TO THE RESPONDENT. THE COURT ALLOWS ACCESS BY THE PETITIONER'S COUNCIL (SIC) THAT THE RESPONDENT IS NOT GRANTED; AND THE COURT HAS MET AND DISCUSSED MATTERS PENDING

BEFORE THE COURT WITH OPPOSING COUNCIL (SIC) OUTSIDE THE PRESENCE OF THE RESPONDENT ON SEVERAL OCCASIONS.

{¶15} "VII. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE CONTINUED VIOLATIONS OF LAW AND RIGHTS, AGAINST THE RESPONDENT, PARTICULARLY, DUES (SIC) PROCESS AND, THE USE OF AN UNCONSTITUTIONAL OR VAGUE STATUTE TO VIOLATE THE RIGHTS OF THE RESPONDENT AS WELL AS VIOLATE THE RULES AND PRECEDENCE OF CASE LAW.

{¶16} "VIII. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING DENIAL OF DUE PROCESS OR OTHER RIGHTS OF THE RESPONDENT BY THE COURT'S REFUSAL TO ALLOW THE RESPONDENT TO PRESENT EVIDENCE (OR REVISIT THE ISSUE) OF THE CPO NOT BEING ORIGINALLY BASED ON DV OR THREATS. AND THUS A CPO NOT PROPERLY FOUNDED ACCORDING TO THE LAW WHICH ADD TO THE GROUNDS FOR DISMISSAL.

{¶17} "IX. THE COURT ERRED AND ARGUMENT IS MADE REGARDING THE UNCONSTITUTIONAL LAW (USE OF AND ORDERS FROM) ORC 3113.31 AS IT UNFAIRLY DISCRIMINATES AGAINST MEN AS BEING UNFAIR OR VIOLATING THE EQUAL PROTECTION CLAUSE, 5TH AND 14TH AMENDMENT AND OTHER SUBSTANTIAL RIGHTS OF THE RESPONDENT.

{¶18} "X. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING AGAINST MANIFEST WEIGHT OF EVIDENCE ITS FINDING THE CPO IS STILL NECESSARY.

**{¶19}** "XI. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING DUE PROCESS, FAIR HEARING, RULES OF EVIDENCE AS WELL AS OTHER RIGHTS OF THE RESPONDENT REGARDING THE COURT NOT ALLOWING TESTIMONY REGARDING WHAT HAS HAPPENED TO THE CHILDREN SINCE THE CPO HAS BEEN IN EFFECT.

**{¶20}** "XII. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE COURT(S) AND GOVERNMENT USING AND ALLOWING THE CONSTITUTIONAL RIGHTS OF THE RESPONDENT TO BE VIOLATED BY RESULTS OF THE STATUTE AND SUBSEQUENT ORDERS OF THE COURT OF THIS MATTER.

**{¶21}** "XIII. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING DUE PROCESS AND AN UNBIASED TRIBUNAL. IN HIS FINAL ORDER THE MAGISTRATE WRITE 'THE REFERENCES IN THE LETTERS FURTHER DEMONSTRATE THAT BECAUSE OF THE CHILDREN THE MOTHER CONTINUES TO OCCUPY THE THOUGHTS OF THE RESPONDENT, CAUSING HIM TO COMMUNICATE ABOUT HER.'

**{¶22}** "XIV. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE USE OF A VAGUE AND ARBITRARY STATUTE TO VIOLATE THE DUE PROCESS AND SUBSTANTIAL RIGHTS OF THE RESPONDENT.

**{¶23}** "XV. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE COURT'S ORDER'S (SIC) AND DECISIONS AND THEIR EFFECTS TO OF (SIC) A VIOLATION OF THE RESPONDENT'S CONSTITUTIONAL

RIGHTS AND HIS RIGHT OF FREE SPEECH AND OTHER LIBERTIES INCLUDING A VAGUENESS VIOLATION.

{¶24} "XVI. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE VIOLATION OF DUE PROCESS OR A VIOLATION OF THE 5TH AND 14TH AMENDMENTS BY ISSUING ORDER'S (SIC) OF THE COURT DEPRIVING THE RESPONDENT OF THE PROTECTIONS AND GUARANTEES AFFORDED ALL CITIZEN (SIC) OF THE U.S.A.

{¶25} "XVII. THE COURT ERRED AS MATTER OF LAW AND ASSIGNMENT IS MADE REGARDING THE USE OF A VAGUE AND ARBITRARY STATUTE AND OR VAGUE AND ARBITRARY COURT ORDERS TO VIOLATE THE DUE PROCESS AND SUBSTANTIAL RIGHTS OF THE RESPONDENT.

{¶26} "XVIII. THE COURT ERRED AND ARGUMENT IS MADE REGARDING THE STATUTE ORC 3113.31 AND/OR 2919.27, OR THE COURT'S CPO ORDERS AND ACTIONS ARE A VIOLATION OF THE RESPONDENT'S RIGHTS TO EQUAL PROTECTION UNDER THE LAW OF THE FOURTEENTH AMENDMENT, DUE PROCESS AND OTHER GUARANTEES BY THE CONSTITUTION OR LAW."

{¶27} As an initial procedural matter, we note 3113.31(E)(8)(b) states in pertinent part: "Either the petitioner or the respondent of the original protection order or consent agreement may bring a motion for modification or termination of a protection order or consent agreement that was issued or approved after a full hearing. ***." As noted in our recitation of the facts, although the motion to terminate the CPO was heard by the magistrate, following which appellant filed an objection, appellant nonetheless proceeded to file a notice of appeal to this Court. Ordinarily, we would be

inclined to remand the case to the trial court to rule on the pending objections under Civ.R. 53. However, in *Calzo v. Lynch*, Richland App.No. 11CA45, 2012-Ohio-1353, we considered the fact that Form 10.01-I judgment entries for civil protection orders lack conspicuous language informing the parties of their responsibility to object to the magistrate's decision. We thus determined that "an Order of Protection issued by a magistrate and simultaneously signed by a judge utilizing Form 10.01–I is a final, appealable order ***." Id. at ¶36.

**{¶28}** We therefore find it unnecessary to order a remand for the trial court judge to review the objections to the magistrate's decision under the circumstances of this case.

## I., II., III., XI.

**{¶29}** In his First, Second, Third, and Eleventh Assignments of Error, appellant argues the trial court erred and/or violated his right to due process by allowing or disallowing certain evidence during the hearing before the magistrate. We disagree.

**{¶30}** Pursuant to Evid.R. 611(A), a trial court "shall exercise reasonable control over the mode and order of interrogating witnesses and presentation of evidence so as to * * * avoid needless consumption of time[.]" Alleged errors based on violations of Evid.R. 611 are reviewed under the abuse of discretion standard. *Ward v. Patrizi*, Geauga App.No. 2010–G–2994, 2011-Ohio-5100, ¶ 37, citing *Marshall v. Scalf,* Cuyahoga App.No. 88708, 2007–Ohio–3667, at ¶ 28–29. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. Furthermore, an appellant's brief is required to present "[a]n argument containing the contentions of the appellant

with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," as per the requirements set forth in App.R. 16(A)(7).

{¶31} Appellant's brief consistently fails to direct us to any specific points in the transcript to support his claims that the magistrate improperly regulated the introduction of evidence. However, a review of the transcript in toto does not lead us to conclude that the magistrate's management of the hearing constituted an abuse of discretion.

{¶32} Accordingly, appellant's First, Second, Third, and Eleventh Assignments of Error are overruled.

IV., X.

{¶33} In his Fourth and Tenth Assignments of Error, appellant argues the trial court's decision that the CPO would remain in effect was against the manifest weight of the evidence. We disagree.

{¶34} In seeking to terminate a CPO, the moving party has the burden of proof to show, by a preponderance of the evidence, that termination of a CPO is appropriate because either the CPO is no longer needed or because the terms of the original CPO are no longer appropriate. *Twitty v. Bowe*, Franklin App.No. 09-AP953, 2010-Ohio-1391, ¶7. A civil judgment which is supported by competent and credible evidence may not be reversed as being against the manifest weight of the evidence. *State v. McGill,* Fairfield App.No. 2004–CA–72, 2005–Ohio–2278, ¶ 18. As an appellate court, we must give deference to the findings of the trial court because the trial court is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and to

weigh the credibility of the testimony. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

{¶35} The gist of appellant's argument seems to go to the issue of whether proof of domestic violence or threat of domestic violence was demonstrated in this case. However, appellant again fails to direct us to specific record citations to support his claims. See App.R. 16(A)(7), supra. Based on our review of the record and the transcript of the May 24, 2011 hearing, we are unpersuaded that the court's decision to maintain the CPO was against the manifest weight of the evidence.

{¶36} Appellant's Fourth and Tenth Assignments of Error are overruled.

V.

{¶37} In his Fifth Assignment of Error, appellant contends he was denied due process of law when he was required to remove his prescription sunglasses before entering the courtroom. We disagree.

{¶38} Appellant again does not identify the portions of the record to support his argument, although it appears doubtful that his interaction with the bailiff prior to the hearing would have been recorded. Nonetheless, in order to secure reversal of a judgment, a party on appeal must generally show that a recited error was prejudicial. See *Tate v. Tate,* Richland App.No. 02–CA–86, 2004–Ohio–22, ¶ 15 (additional citations omitted). Based on appellant's limited argument in this regard, we are unable to conclude that appellant was denied due process of law.

{¶39} Appellant's Fifth Assignment of Error is overruled.

VI., XIII.

**{¶40}** In his Sixth and Thirteenth Assignments of Error, appellant contends the trial court was biased and engaged in inappropriate behavior.

**{¶41}** Upon review of appellant's brief, we find this Court is not the proper forum in which to address these claims. See, e.g., *In re F.M.*, Tuscarawas App.No. 2011 AP 07 0029, 2012-Ohio-1082, ¶ 72.

**{¶42}** Appellant's Sixth and Thirteenth Assignments of Error are overruled.

VII., VIII., IX., XII., XIV., XV., XVI., XVII., XVIII.

**{¶43}** In his Seventh, Eighth, Ninth, Twelfth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth Assignments of Error, appellant contends the trial court's decision under R.C. 3113.31 violated his rights to due process, equal protection, and other constitutional guarantees, and that the civil protection statutes are unconstitutionally vague. We disagree.

**{¶44}** It is well-established in Ohio that statutes are presumed to be constitutional unless shown beyond reasonable doubt to violate a constitutional provision. See *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 352, 639 N.E.2d 31. We note that in appellant's 2006 appeal to this Court, i.e., *Snell I*, he raised twenty-one (out of a total of forty-nine) assigned errors based on constitutional challenges to the civil protection statutory scheme. We rejected all of appellant's said challenges at that time, and our review of appellant's present arguments does not persuade us that R.C. 3113.31 is unconstitutional.

**{¶45}** Appellant's Seventh, Eighth, Ninth, Twelfth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, and Eighteenth Assignments of Error are overruled.

{¶46} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

JUDGES

JWW/d 0430

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DIANE SNELL                                      :
                                                 :
    Petitioner-Appellee                        :
                                                 :
-vs-                                             :                    JUDGMENT ENTRY
                                                 :
DOUGLAS D. SNELL                                 :
                                                 :
    Respondent-Appellant                       :                    Case No. 11 CA 64


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Richland County, Ohio, is affirmed.

Costs assessed to Respondent-Appellant.


_____


_____


_____
                                        JUDGES